**PERTH AMBOY NATIONAL BANK, a banking corporation, organized under the laws of the United States of America, Plaintiff,**

v.

**Irving BRODSKY, Bernard H. Kayden, Herbert J. Kayden, and Henry Smith, Defendants.**

United States District Court
S. D. New York.
July 20, 1960.

**220**

Peckerman, Fisher, Gleiberman & Ezrine, New York City, for plaintiff; David Fisher, Fred I. Sonnenfeld, New York City, of counsel.

Goldwater & Flynn, New York City, for defendants; Monroe Goldwater, Bernard Katz, New York City, of counsel.

DIMOCK, District Judge.

Defendants, by order to show cause signed and served on July 11, 1960, move that an order entered June 30, 1960 be vacated and a new order entered which shall include a certificate, in accordance with section 1292(b) of title 28 U.S.Code, that the court is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The order of June 30, 1960 denied defendants' motion to dismiss the case. The motion was made on two grounds (1) that plaintiff bank had no authority to raise the question that a lease from which it sought to be relieved was ultra vires and (2) that there was a defect of parties defendant on account of failure to bring in mortgagees of the property covered by the lease.

The second ground is insubstantial. My opinion deals adequately with the contention that Judge Wortendyke in Brodsky v. Perth Amboy National Bank, D.C.D.N.J., 156 Supp. 316, held that the mortgagees were necessary parties.

There can be no doubt, however, that there is substantial ground for difference of opinion on the determinative question whether the bank can raise the point that the lease from which it seeks to be relieved was ultra vires. Judge Wortendyke, in the above cited case where the same point was raised between some of the same parties, expressed the view that the bank by entering into the lease estopped itself from raising the point of ultra vires. If the Court of Appeals should take that view the case would be much more speedily terminated than if it proceeds through trial on a basis of my decision that the bank has the right to raise the point and if it then goes to the Court of Appeals. If, therefore, the application for the certificate had been made before the entry of the order of June 30, 1960, I would have included the certificate therein. A problem is raised, however, by the fact that the order of June 30, 1960 has already been entered by virtue of General Rule 10(a) of this District providing that a memorandum determin-

ing a motion constitutes an order. More than ten days have passed since the entry of the order of June 30, 1960, and section 1292(b) requires that application be made to the Court of Appeals within ten days after the entry of the order. Hence defendants' plea that the old order be vacated and a new one entered.

Defendants' prayer that the order of June 30, 1960 be vacated cannot be granted. With respect to judgments and final orders, the Federal Rules of Civil Procedure provide in Rule 60(b), 28 U.S.C., for relief in the event of mistake, inadvertence, excusable neglect, fraud, etc., and, in Rule 54(b), for revision, without limitation as to grounds, of any form of decision adjudicating less than all the claims. The latter rule permits such revision at any time before the entry of judgment adjudicating all the claims. I took advantage of Rule 54(b) in Shawe v. Wendy Wilson, Inc., D.C., 25 F.R.D. 1, and vacated a judgment adjudicating less than all the claims and entered a new judgment containing the certificate required by section 1292(b). Here, however, I can find no such authority for vacating the order of June 30, 1960.

Treating defendants' application as one for reargument would add nothing to my powers. The fact would remain that defendants could point to no ground for that relief; no claim is made that anything was overlooked. See General Rule 9(h) of this Court.

What defendants ask is really a resettlement of the order of June 30, 1960. Rule 10(a) of the General Rules of this court above referred to provides:

"A memorandum of the determination of a motion, signed by the judge, shall constitute the order; but nothing herein contained shall prevent the court from making an order, either originally or on an application for resettlement, in more extended form."

The order of June 30, 1960, was embodied in the memorandum. The words "So ordered" were appended to the text.

It is clear that under Rule 10(a) I can resettle that order. Doubtless defend-ants would like it to have a new date, however. It might be urged that I could now "originally" make an order "in more extended form" denying the motion and give it a new date. That is not my interpretation of the rule, however. The word "originally" is used in the sense of "where the memorandum does not constitute an order".

I shall treat the motion as an application for resettlement of the order of June 30, 1960 and grant it as such. I must leave to the Court of Appeals the question whether the ensuing application to the Court of Appeals can be said to be "within 10 days from the order sought to be appealed from". See Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 2 Cir., 272 F.2d 29; Mueller v. Rayon Consultants, Inc., 2 Cir., 271 F.2d 591.