MISTER VEE PRODUCTIONS, INC., Delightful Music, Ltd. and Vigor Recording Corp., Plaintiffs,

v.

E. Rahiem LeBLANC, Keith R. Crier, Herbert L. Lane, p/k/a "The Rhythm Makers" a/k/a "G.Q.", Paul Service, Arista Records, Inc., G.Q. Publishing and Arista Music, Inc., Defendants and Counterclaim Plaintiffs.

MISTER VEE PRODUCTIONS, INC., Delightful Music, Ltd. and Vigor Recording Corp., Counterclaim Defendants and Third-Party Plaintiffs,

v.

Billy TERRELL and Ebbie Woolley, Third-Party Defendants.

No. 79 Civ. 2111.

United States District Court, S. D. New York.

June 9, 1980.

Leon Baer Borstein, Shaw & Stedina, New York City, for plaintiffs; Jonathan J. Silbermann, New York City, of counsel.

Feinman & Krasilovsky, P. C. and Frank Giordano, New York City, for defendants E. Rahiem LeBlanc, Keith R. Crier, Herbert L. Lane, Paul Service and G. Q. Publishing; M. William Krasilovsky, Andrew J. Feinman, New York City, of counsel.

Pryor, Cashman, Sherman & Flynn, New York City, for defendants Arista Records, Inc. and Arista Music, Inc.; Stephen F. Huff, Michael G. Berger, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This action was commenced by three corporations, Mister Vee Productions, Inc. ("Mister Vee"), Delightful Music, Ltd. ("Delightful"), and Vigor Recording Corp. ("Vigor") against four individuals, Messrs. LeBlanc, Crier, Lane (known collectively as "The Rhythm Makers"), Paul Service, and three corporations, Arista Records, Inc., G. Q. Publishing and Arista Music, Inc.

The complaint alleges four separate and distinct causes of action. The first, by Delightful, based upon the copyright laws of the United States, alleges that Delightful acquired the exclusive copyright to a song, "Soul On Your Side," from two individuals, Billy Terrell and Ebbie Woolley; that it registered the composition in accordance with the copyright laws; that The Rhythm Makers and Paul Service, the individual defendants, have infringed Delightful's copyright by authoring a song entitled "Disco Nights (Rock Freak)" largely copied from "Soul On Your Side" and distributed in single version recordings and also in a long-playing album called "Disco Nights G.Q." which contained seven other songs; and that the corporate defendants aided and abetted such infringement by recording and distributing "Disco Nights G.Q." thereby engaging in unfair competition. The Rhythm Makers and Service, among other defenses and counterclaims, allege that the authors of the arrangement and the introduction to "Soul On Your Side" were persons other than Terrell and Woolley, from whom Delightful alleges it acquired the rights to the song.

Delightful thereupon asserted a claim against Terrell and Woolley based upon LeBlanc and Crier's allegations that they or others[1] were the composers of some of the music of "Soul On Your Side." Delightful alleges that Terrell and Woolley had represented and warranted that the song was their sole, exclusive and original work; accordingly, Delightful, in the event The Rhythm Makers recover a judgment against it on their counterclaim, seeks recovery against Terrell and Woolley to the extent of such judgment.

The other three causes of action are based essentially upon an agreement between Mister Vee and The Rhythm Makers ("Mister Vee agreement"). Mister Vee and Vigor allege that the three individual defendants, known as The Rhythm Makers, agreed to render their services as songwriters and recording artists exclusively and to assign their distribution rights to Mister Vee over a renewable period, not exceeding five years, in return for certain royalties to be paid to The Rhythm Makers. A portion of this contract and the rights thereunder was assigned to co-plaintiff Vigor, who was to make master recordings of songs provided for under the Mister Vee agreement. Paul Service, the fourth individual defendant, is not a party to that agreement.

The essence of the claim by the plaintiffs, Mister Vee and Vigor, is that The Rhythm Makers breached their agreement during its existence by entering into another exclusive recording and songwriting agreement with the defendants Arista Records, Inc., G. Q. Publishing and Arista Music, Inc., which are charged with aiding and abetting The Rhythm Makers, who changed their name to "G.Q.," in their alleged wrongful conduct. The basic violation charged is the recording of a long playing album, referred to as "Disco Nights G.Q.," containing various songs the rights to which, including the recording and publishing rights, Mister Vee alleges it was entitled to under the agreement with The Rhythm Makers.

---

1. Plaintiffs' third-party complaint alleges only that LeBlanc and Crier have interposed counterclaims alleging they were the composers of some of the music of "Soul On Your Side." However, a defense asserted on behalf of The Rhythm Makers and Service alleges that the authors of the arrangement and introduction to the composition, as recorded by The Rhythm Makers, were persons other than Billy Terrell and Ebbie Woolley from whom Delightful alleges it acquired the copyrights to the composition.

In all, under the four causes of action asserted, the litigation centers about eight compositions; but only one of these, "Soul On Your Side," is alleged to have been registered under the copyright laws.[2] Defendants concede, as indeed they must, subject matter jurisdiction of the copyright infringement claim,[3] but move for a separate trial of this issue, or alternatively, to dismiss all other claims on the ground that they assert essentially common law or state law claims, which do not qualify as pendent claims under *United Mine Workers v. Gibbs*;[4] and in any event to dismiss them in the exercise of the Court's discretion.

The issue as to the claimed infringement of "Soul On Your Side" is comparatively simple and narrowly confined. The sole party asserting rights in that song is Delightful. It is not alleged that Delightful has any interest in any of the other claims that are based upon or derive from the Mister Vee agreement. Delightful is not a party to that agreement. The issues under the infringement claim are (1) whether Delightful is the lawful owner of the registered copyright of "Soul On Your Side" having acquired title thereto from Billy Terrell and Ebbie Woolley, or whether Le-Blanc and Crier have rights with respect thereto so that the assignment was not properly registerable under the copyright law, and (2) if Delightful is the copyright owner, whether "Disco Nights (Rock Freak)" is substantially similar to "Soul On Your Side."[5]

Delightful contends that if LeBlanc and Crier composed a portion of "Soul On Your Side," as they claim, they were obligated to assign their rights under the Mister Vee agreement, and hence that it is necessary for Delightful to prove the validity of that agreement. In consequence, Delightful argues that all evidence involving "all aspects of the Agreement will encompass every cause of action alleged in the complaint and every defense interposed by the moving defendant." But this is a giant step forward and is in utter disregard of the causes of action asserted in the complaint.[6] Delightful ignores the fact that it is not a party to the Mister Vee agreement and has no rights thereunder. That agreement is irrelevant as far as Delightful's copyright claim is concerned. Even if the three corporate plaintiffs are interrelated, this does not give Delightful any rights in the Mister Vee contract. The complaint makes it crystal clear that the infringement claim is asserted solely by Delightful. Additionally, it is noted that Paul Service, who is charged together with The Rhythm Makers as an infringer of Delightful's copyright, is not a party to the Mister Vee agreement. Thus the right to the copyright is confined to Delightful's claim thereto. The infringement claim is narrowly confined—only a portion of the melody of "Soul On Your Side" is included in "Disco Nights G.Q.," which is included in an album comprising eight songs, the subject matter of the claims asserted in the common law actions by Mister Vee and its assignee.

The state law claims of Mister Vee and Vigor are substantially different from Delightful's federal copyright infringement claim with respect to "Soul On Your Side." They center about seven other songs appearing on the long-playing album, "Disco Nights, G.Q." The issues arising under the Mister Vee contract with The Rhythm Makers, their defenses and counterclaims and those of the corporate defendants, involve state law and no aspect of federal law comes into play. The fundamental issues center about the contract with The Rhythm Makers, the alleged breach thereof, the inducement of the breach by the corporate

**2.** 17 U.S.C. § 410.

**3.** 28 U.S.C. § 1338. *Cf. T. B. Harms Co. v. Eliscu,* 339 F.2d 823, 826 (2d Cir. 1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Stepdesign, Inc. v. Research Media, Inc.,* 442 F.Supp. 32 (S.D.N.Y.1977).

**4.** 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**5.** *See, e. g., Novelty Textile Mills v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 (2d Cir. 1977); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir. 1960).

**6.** *Stepdesign, Inc. v. Research Media, Inc.,* 442 F.Supp. 32, 33–34 (S.D.N.Y.1977).

defendants, and the claims of unfair competition. The defenses and counterclaims are numerous and include, in addition to those already referred to: release of The Rhythm Makers from all obligations under the Mister Vee contract, voidness of the contract for specified reasons, including failure of approval by the internal executive board of the American Federation of Musicians; that LeBlanc was a minor when the Mister Vee contract was entered into and that he has not adopted or affirmed the contract; and charges of fraudulent conduct by plaintiffs in various respects.

It is clear that despite plaintiffs' contention, the state and federal claims do not deprive from a "common nucleus of operative fact." [7] They are separate claims arising out of separate facts brought by different plaintiffs. What the plaintiffs have done here is to use the single incident of a small portion of a melody contained in one song in an effort to have the federal court adjudicate an involved series of claims and counterclaims that are basically state law claims. The fact is that "state issues substantially predominate, . . . in terms of proof, of the scope of the issues raised, [and] of the comprehensiveness of the remedies sought," so that the state claims "constitute the real body of [the] case, to which the federal claim is only an appendage." [8] Indeed, this is a case of the tail wagging the dog.[9]

In these circumstances and in the interests of judicial economy,[10] the Court declines jurisdiction of and dismisses the second, third and fourth causes of action wherein Mister Vee and Vigor are the sole plaintiffs against the named defendants.[11]

So ordered.

---

**7.** *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

**8.** *Id.* at 726–27, 86 S.Ct. at 1139–1140.

**9.** *Cf. Kavit v. A. L. Stamm & Co.*, 491 F.2d 1176, 1180 (2d Cir. 1974).

**10.** *See, e. g., Buckley v. American Federation of Television and Radio Artists*, 496 F.2d 305, 312 n.4 (2d Cir. 1974) (dismissing state law claims, where the federal and state claims are distinct from each other, and where they "do not constitute alternative theories on the same pivotal facts."); *Solevo v. Aldens, Inc.*, 395 F.Supp. 861, 863–64 (D.Conn.1975) (Newman, D. J.); *Whalen v. Heimann*, 373 F.Supp. 353, 359 n.10 (D.Conn.1974) (pendent jurisdiction declined where the state claim "is not inextricably intertwined with plaintiffs' constitutional claims") (Newman, D. J.); *Perzanowski v. Salvio*, 369 F.Supp. 223 (D.Conn.1974) (pendent jurisdiction declined in order to avoid possible preju-

dice to defendant); *Faim Information Services, Inc. v. Borchert*, 395 F.Supp. 878, 884 (S.D.N.Y. 1975) (court declined pendent jurisdiction where the "federal and state claims are sufficiently dissimilar as to minimize any overlap in proof and, therefore, judicial economy would not be substantially served nor would the burden on plaintiffs be substantially increased by separate trials"); *Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 560 (E.D.N.Y.1976) (in antitrust suit, court denies leave to amend complaint to add state claims of fraud, breach of contract, etc.: "while some facts may be common to both claims, the two claims certainly do not derive from a 'common nucleus of operative facts.' ").

**11.** Diversity jurisdiction does not exist since plaintiffs and defendants are citizens of the state of New York.