**STEPDESIGN, INC., Plaintiff,**

v.

**RESEARCH MEDIA, INC., Charles Atkinson, Michael Dowling and Stephen Sandler, Defendants.**

No. 77 Civ. 5260.

United States District Court, S. D. New York.

Dec. 1, 1977.

Gersten & Tisch, New York City, for plaintiff; Arthur J. Jacobs, New York City, of counsel.

Carl L. Zanger, New York City, for defendant Research Media, Inc.

OPINION

EDWARD WEINFELD, District Judge.

This action centers about two publications, referred to by plaintiff as the First Work and Second Work (the "Works"), which are medically related training materials. Plaintiff claims to have prepared the Works and alleges that under two separate agreements it assigned its copyright and publishing rights in each to the defendant, Research Media, Inc.[1] Among other allegations in a somewhat prolix complaint con-

---

1. Thus far only Research Media, Inc. has been served.

taining five separate claims, plaintiff asserts that the defendant "published the works with proper copyright notices and has thus complied with the Copyright Law of the United States, thereby securing the exclusive rights and privileges in and to the copyright of the Works."[2]  After the first of the agreements had been in effect for some two and one-half years, and the second for one year less, plaintiff, charging the defendant with various breaches thereof, including (1) nonpayment of royalties; (2) failure to give plaintiff proper authorship credit in the Works and on advertising material; and (3) failure to pay plaintiff its share of revenues derived from sales, served written notice upon the defendant that the claimed violations worked a forfeiture of defendant's rights in the respective copyrights and effected a reversion of such rights to the plaintiff.

Plaintiff soon thereafter commenced this action, seeking a judicial declaration that the copyrights, by reason of such breaches, had reverted to the plaintiff and an injunction against any future infringement, and alleging that defendant's continued sale and distribution of the Works after notice of termination had been given constituted infringement of plaintiff's copyright rights. Plaintiff also asserts pendent claims for breach of contract, unfair competition and an accounting.  Immediately after filing this action, plaintiff moved by order to show cause for a preliminary injunction to enjoin the defendant from selling or distributing the Works or any promotional material relating thereto.  The defendant cross-moved to dismiss the action for lack of

jurisdiction upon the ground that despite the complaint's claim of infringement based upon the revocation and reversion, the action is basically one for breach of contract.

As both plaintiff and defendant are New York corporations, plaintiff's sole claim upon this Court's jurisdiction lies under 28 U.S.C., section 1338, which grants the district courts original jurisdiction of any civil action arising under any act of Congress relating to copyrights.  Of course, the mere fact that a question of a copyright's ownership is presented in a case does not automatically give rise to federal jurisdiction.[3] Rather, "an action 'arises under' the Copyright Act," wrote Judge Friendly in *T. B. Harms Co. v. Eliscu*,[4]

> if and only if the complaint is for a remedy expressly granted by the Act, e. g., a suit for infringement  .  .  .  or asserts a claim requiring construction of the Act,  .  .  .  or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.  The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.[5]

In considering the plea of lack of jurisdiction, the formal allegations of the complaint must yield to the substance of the claim.[6] A fair reading of the complaint supports defendant's position that basically this is an action for breach of contract and to recapture rights by reason of that breach.  The entire focus of the complaint is on the al-

**2.** Plaintiff alleges that defendant apparently never filed an application with the Registrar of Copyrights for Registrations to Copyright of the two Works, but that prior to the commencement of this suit plaintiff filed such an application.

**3.** *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Wells v. Universal Pictures Co.*, 166 F.2d 690, 691 (2d Cir. 1948); *Muse v. Mellin*, 212 F.Supp. 315 (S.D.N.Y.1962), *aff'd*, 339 F.2d 888 (2d Cir. 1964).

**4.** 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

**5.** *Id.* at 828 (citations omitted).

**6.** *T. B. Harms Co. v. Eliscu*, 226 F.Supp. 337, 338 (S.D.N.Y.), *aff'd*, 339 F.2d 823 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *cf. Humphrey v. Moore*, 375 U.S. 335, 351, 352, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) (Goldberg, J., concurring).

leged contractual breaches. Plaintiff asserts and defendant denies that the contracts, in the event of a breach, grant a right of reversion. The agreements contain no express provision that in the event of a breach the copyrights shall revert to the plaintiff. Thus the fundamental controversy [7] involves interpretation of the two agreements to determine whether the right of reversion exists, and if so whether in fact there has been a breach of either agreement which would warrant reversion of the copyrights to the plaintiff. The primary and controlling purpose of the complaint [8] is to reestablish plaintiff, under its claimed right of reversion for an alleged breach, as owner of the copyrights in the First and Second Works. As such, the complaint clearly does not fall within the areas described by Judge Friendly as affording federal jurisdiction.

Plaintiff nevertheless seeks to escape application of *T. B. Harms* and consequent dismissal of the complaint by insisting that this is a claim for copyright infringement occurring after the notice of reversion was sent to the defendant. Apart from the fact that the plaintiff assumes a right of reversion, which the defendant disputes, there is no specification of this infringement, however, other than plaintiff's general allegation upon information and belief that defendant continues "to publish, distribute and sell the Works." All of defendant's actions specified above (i. e., nonpayment of royalties, failure to properly credit plaintiff, etc.) occurred before and were the basis of plaintiff's notice of reversion. Although in cases where a defendant licensed to use a copyright on certain terms is alleged to have forfeited the grant, "federal jurisdiction is held to exist if the plaintiff has directed his pleading against the offending use, referring to the license only by way of anticipatory replication," [9] such is not the case "if he has sued to set the license aside, seeking recovery for unauthorized use only incidentally or not at all." [10]

In this case any finding of infringement would be clearly incidental to the main purpose of plaintiff's suit which, among other matters, seeks a declaratory judgment "that the copyrights in and to the First Work and Second Work have reverted, and/or have been forfeited, to plaintiff as a consequence of the aforesaid wilful and material breaches and repudiations of said contracts by defendants . . . ." Thus plaintiff's claim of infringement can only be asserted if it succeeds in establishing that the contract permits it, in the event of a breach, to declare the assignment of the copyrights forfeited and reverted to plaintiff. [11] Viewing the complaint in terms of its essential claim—breach of contract—it must be dismissed for lack of jurisdiction without prejudice to plaintiff's right to bring an action in an appropriate forum.

So ordered.

**7.** *T. B. Harms Co. v. Eliscu*, 226 F.Supp. 337 (S.D.N.Y.), aff'd, 339 F.2d 823 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

**8.** *Muse v. Mellin*, 212 F.Supp. 315, 319 (S.D.N.Y.1962), aff'd, 339 F.2d 888 (2d Cir. 1964).

**9.** *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 825 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

**10.** *Id.*

**11.** It has long been held that such a claim does not confer federal jurisdiction. *See Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); *Wilson v. Sanford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850).