Kingsley Rogers ROTARDIER, Plaintiff,

v.

The ENTERTAINMENT COMPANY MUSIC GROUP, et al., Defendants.

80 Civ. 2753 (KTD).

United States District Court,
S. D. New York.

June 22, 1981.

Kingsley Rogers Rotardier, plaintiff pro se.

---

Rosenblum & Freedman, New York City, for defendant The Entertainment Company Music Group; Martin Bandier, New York City, and Jeffrey L. Zivyak, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff brings this action claiming that the defendants have infringed the copyright to plaintiff's musical composition, "Live, Laugh and Love." Plaintiff asks this court to enjoin defendant from any further commercial exploitation of this composition and to grant it declaratory and compensatory relief. Plaintiff now moves for summary judgment.

Defendant Entertainment Company Music Group[1] cross-moves to dismiss the complaint for lack of subject matter jurisdiction. It claims that the fundamental controversy involves a breach of contract claim which invokes state court jurisdiction where, as here, there is no diversity of citizenship.

## I.

Plaintiff is the composer of the musical score, "Every Kid You See On The Street Ain't Bad," which includes the subject matter of this controversy, the composition, "Live, Laugh and Love." On December 16, 1971, plaintiff assigned the copyrights for this score to Godspell Music Corp. ["Godspell"]. Godspell reassigned the copyrights to plaintiff on August 29, 1972.

The present dispute arises from an agreement executed that same day between plaintiff and Godspell. The contract provided that Godspell would retain the copyright to the composition, "Live, Laugh and Love" with a condition to reassign that copyright to plaintiff if Godspell did "not cause a commercial recording [of "Live, Laugh and Love"] to be released or printed

music in any form to be placed on sale . . ." within one year from September 1, 1972.

In July, 1974, plaintiff discovered that his composition had been publicly performed. Plaintiff acknowledged in his complaint that Godspell registered an arrangement of his composition with the Copyright office on July 19, 1973, and that the composition was in fact published within the requisite time period.[2] While such publication satisfies the one year time limit provided in the contract, plaintiff claims that Godspell was unauthorized under the contract to publish the composition without his consent. Accordingly, plaintiff asserts that the condition of commercial exploitation was not satisfied as of September 1, 1973 (one year from the date of the agreement); that the copyright therefore automatically reverted to plaintiff; and that all subsequent exploitation of the composition infringed upon his exclusive ownership of this copyright.

Defendant Entertainment Company Music Group succeeded to the interests of Godspell Music Corp. on December 1, 1975. Defendant asserts that printing and placing the composition on sale before the year expired satisfied the condition set forth in the contract; that the Entertainment Company Music Group therefore owns the copyright to the composition; and that plaintiff's claim of copyright infringement has no basis.

## II.

The prerequisites to federal jurisdiction in copyright cases are set forth in section 1338(a) of Title 28 which provides:

The district courts shall have original jurisdiction of any civil action *arising under* any Act of Congress relating to patents, . . . [and] copyrights . . . . Such jurisdiction shall be exclusive of the courts of the states . . . ."

28 U.S.C. § 1338(a) (emphasis added).

In order to determine whether an action arises under a federal copyright law, the complaint must be:

---

1. There are other defendants named in the complaint but apparently they have neither been served nor have they appeared.

2. Plaintiff, however, denies that publication of his composition was made in his motion for summary judgment.

... for a remedy expressly granted by the Act, e. g., a suit for infringement or for the statutory royalties for record reproduction, ... or asserts a claim requiring construction of the Act, ..., or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*T. B. Harms v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The principal issue in this action is who owns title to the copyright of the composition, "Live, Laugh and Love." There is no provision in the contract that in the event of nonfulfillment of the condition, the copyright shall automatically revert to plaintiff. The controversy, therefore, ultimately depends upon whether there is a right to automatic reversion, and if so, whether there has been noncompliance with the contract to warrant reversion or reassignment. *See, e. g., Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32 (S.D.N.Y.1977).

The facts in *Muse v. Mellon*, 212 F.Supp. 315 (S.D.N.Y.1962), *aff'd*, 339 F.2d 888 (2d Cir. 1964), are similar to the present action. In *Muse*, the court held that the federal court lacks jurisdiction in an action where the plaintiff would first have to establish title to the copyright before he could claim any relief for infringement. *See also, Elan Associates, Ltd. v. Quackerbush Music, Ltd.*, 339 F.Supp. 461 (S.D.N.Y.1972); *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32 (S.D.N.Y.1977); *T. B. Harms Co. v. Eliscu, supra.*

Similarly, cases involving contracts covering the ownership of patent rights have been found not to arise under federal patent laws. In *Luckett v. Delpark*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), the Supreme Court stated,

> It is a general rule that a suit by a patentee for royalties or for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such.

Essentially, the claim in the instant case is to establish valid title to a copyright by attempting to show noncompliance with a contract. The mere fact that the controversy involves a copyright does not give rise to federal jurisdiction. *Muse v. Mellon, supra*, at 316. Nor can plaintiff invoke federal jurisdiction by casting the claim in terms of copyright infringement. The controlling issue involves a dispute over title to a copyright arising from an alleged breach of contract. The determination of this issue is dependent upon principles of common law and equity, not the federal copyright laws. A finding of copyright infringement would be incidental to the main purpose of this suit. *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32 (S.D.N.Y.1977). The claim should be resolved instead in the appropriate state court.

Accordingly, I find that this court lacks subject matter jurisdiction in this matter because the action does not arise under a federal copyright law and dismiss the complaint in this case.

SO ORDERED.