**FELIX CINEMATOGRAFICA, S.R.L., Plaintiff,**

v.

**PENTHOUSE INTERNATIONAL, LTD., et al., Defendants.**

**86 Civ. 6183 (WCC).**

United States District Court, S.D. New York.

Oct. 19, 1987.

---

11. Cornette Reply Affidavit at ¶ 3.

Pryor, Cashman, Sherman & Flynn, New York City (Gideon Cashman, Carol Komissaroff, of counsel), for plaintiff.

Shea & Gould, New York City (Richard M. Goldstein, Susan B. Ratner, Dawn S. Levine, of counsel), for defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Defendants Penthouse International, Ltd., Penthouse Films International, Ltd., Penthouse Records, Ltd., Penthouse Clubs International Establishment, and Robert Guccione (collectively "Penthouse") have moved to dismiss the complaint, pursuant to Rule 12(b)(1), Fed.R.Civ.P., on the ground that the Court lacks subject matter jurisdiction over this action. For the reasons outlined below, defendants' motion is granted.

*Background*

This lawsuit concerns the motion picture "Caligula" which plaintiff Felix Cinematografica ("Felix") produced with various of the defendants during the late 1970's. The complaint alleges that Felix is the owner of the copyright of the film and that defendants have infringed this copyright by distributing videocassettes of the film. The complaint seeks an injunction against the distribution by defendants of the videocas-settes and damages of $90 million. Defendants deny that plaintiff owns the copyright to the film and maintain that this right was obtained by defendants in a Settlement Agreement entered into between plaintiff and defendants in February 1984 which clearly sets out the parties' rights in the film.

Paragraph 9 of the Settlement Agreement, the original of which is drafted in Italian, provides:

The parties hereby intend to settle—as they do in effect—any pending dispute, to prevent future litigations relevant to events that have hitherto occurred and, generally, to readjust reciprocal relations without any reservation or restriction, with reciprocal and irrevocable waiver of any and all rights, actions, just claims and privileges, whether directly or indirectly connected or relative, in any country of the world, to titles in any way regarding any relation up to now between the parties.

Affidavit of David J. Myerson at 13.

According to defendants, paragraph 14 of the Settlement Agreement then discusses all of the rights of the parties in the "distribution of the movie 'Caligula' " and gives all relevant distribution rights to defendants. According to plaintiff, paragraph 14 discusses only the parties' rights in the *theatrical* distribution of the movie 'Caligula' " (emphasis added) and does not cover videocassettes. Defendants' contend that the word "theatrical" does not appear anywhere in the Settlement Agreement in Italian, and has been added by plaintiff's translator to mislead the Court.

One thing, however, is clear. The central and only issue in dispute in this action is what rights defendant received pursuant to the Settlement Agreement entered into among the parties. If defendant received the right to distribute videocassettes, then it has not violated the copyright laws. If, on the other hand, defendant did not receive that right in the Settlement Agreement, then it has infringed defendants' copyright and is liable for the damages suffered. In any event, the dispute be-

tween the parties centers on the interpretation of language in the Settlement Agreement.

*Discussion*

Section 1338(a) of Title 28 of the United States Code Provides in relevant part that:

the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights ... Such jurisdiction shall be exclusive of the jurisdiction of the courts of the states in ... copyright cases.

It is well settled that the Court's jurisdiction under the Copyright Act, 17 U.S.C. § 101 et seq., and 28 U.S.C. § 1338(a), does not grant the Court the power "to determine a claim which essentially involves a dispute as to the ownership of copyrights." *Elan Associates, Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461 (S.D.N.Y.1972). Although plaintiff's complaint is framed entirely in terms of infringement, the Court finds that it is really an action on a contract, wherein plaintiff in essence seeks a declaration that the Settlement Agreement entered into among the parties did not transfer the rights of videocassette distribution to the defendants. There is nothing in this case which requires construction of the Copyright Act.

The case of *Elan Associates, supra,* concerned the validity of a contract which provided that the plaintiff would enjoy the exclusive right to publish and obtain copyrights in musical compositions written by Carly Simon who, at the time of the execution of the contract, was part owner of the defendant corporation. Defendant obtained copyright registrations on Simon's compositions and later sued in state court to void the agreement for fraud. Plaintiff then registered its own claim to copyrights in the compositions and sued for infringement. The Court found that "the principal and controlling issue involved in this action concerns a determination of proper title to the copyrights in Simon's seven songs" and therefore "the case is not one which arises under the copyright laws." *Id.*

Judge Sand of this district recently reaffirmed the reasoning of *Elan Associates* in *Berger v. Simon & Schuster, Div. of Gulf & Western Corp.,* 631 F.Supp. 915 (S.D.N.Y.1986), where the copyright claim was dismissed for lack of subject matter jurisdiction because, although it was framed entirely in terms of infringement, the Court concluded that it was in reality a contract claim. Using reasoning that is equally applicable to the case at bar, Judge Sand explained:

[plaintiff's claim] turns on purely factual and common law contract issues. We observe in this regard that once the contractual rights and duties of the parties are resolved, the Court in so doing will *not* be called upon to make any determination about whether defendant's publication is an infringement. In this case, infringement *vel non* would necessarily follow from the Court's finding on the contract issues.

*Id.* at 917.

*Conclusion*

In sum, since plaintiff's suit involves only contract issues, it must be dismissed for lack of subject matter jurisdiction.[1]

Defendants' motion for attorney's fees and costs is denied. Although the Court must dismiss the claim for lack of jurisdiction, the Court does not believe that the action was brought in bad faith. Plaintiff may have a legitimate claim, albeit one which must be brought in another forum.

So ordered.

---

1. The fact that alien parties are present on both sides of this lawsuit destroys complete diversity under 28 U.S.C. § 1332. Accordingly, plaintiff cannot invoke the Court's jurisdiction on that basis. *E.g., IIT v. Vencap, Ltd.,* 519 F.2d 1001 (2d Cir.1975); *Corporacion Venezolana v. Vintero Sales,* 629 F.2d 786, 790 (2d Cir.1980).