FOXRUN WORKSHOP, LTD., Plaintiff,

v.

KLONE MANUFACTURING, INC., Foxmale, Ltd., American Outerwear Corporation and Peter Lister, Defendants.

No. 87 Civ. 6507 (PNL).

United States District Court,
S.D. New York.

May 13, 1988.

---

Brooks Haidt Haffner & Delahunty, New York City (Charles G. Mueller, of counsel), for plaintiff.

Abelman Frayne Rezac & Schwab, New York City (Norman S. Beier, Elizabeth M. Barnhard, of counsel), for defendants.

LEVAL, District Judge.

Foxrun Workshop ("Workshop") brings action under the Lanham Act, 15 U.S.C.

---

2. Galante does not say that he told Vincent De Risio that his brother was wanted on an outstanding arrest warrant.

§ 1051 *et seq.*, for declaratory and injunctive relief, an accounting and treble damages. It claims that defendants, Klone Manufacturing ("Klone"), Foxmale, Ltd. ("Foxmale"), American Outerwear Corp., and Peter Lister have infringed its rights in the registered trademarks "Foxrun." On November 13, 1987, I invited briefing on the court's subject matter jurisdiction under the doctrine of *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). I find that the Court has jurisdiction of the action.

## BACKGROUND

The dispute arises over the termination of license agreements between plaintiff Workshop and defendants Foxmale and Klone. Workshop is a New York corporation whose predecessor in interest, Little Foxes International, Inc. ("Little Foxes"), owned the United States Trademark registrations to the trademark "Foxrun" used in connection with its sale of men's, women's and children's wearing apparel. Defendants are two corporations engaged in the manufacture and sale of wearing apparel and Peter Lister, president of the corporations. Under the two license agreements, Little Foxes assigned its rights to the trademarks to the defendant corporations for use in connection with their sale of men's and boy's wear. The complaint alleges that the defendants have failed to perform their obligations under the agreements, that the defendants' rights to use of the trademarks have been terminated, but that nevertheless the defendants have continued to use plaintiff's registered trademarks in violation of the Lanham Act.[1]

In their answer, defendants interpose affirmative defenses of laches, estoppel, and unclean hands and further assert that plaintiff's predecessor in interest assigned all rights to the trademark "Foxrun" for men's and boy's wear to defendant Foxmale Ltd. on September 7, 1979. The answer also asserts that plaintiff's predecessor in interest committed fraud on the United States Patent and Trademark Office in applying for trademark registration for the mark "Foxrun" on men's and boy's apparel by asserting that no other person has the right to use that mark.

## DISCUSSION

Because there is no diversity of citizenship,[2] the federal court's jurisdiction depends on whether the action arises under the Lanham Act, and thus comes within Section 1338 of Title 28 which grants the district courts original jurisdiction "of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks." Analogous principles apply to copyrights, patents, and trademarks. *See Bear Creek Prods., Inc. v. Saleh*, 643 F.Supp. 489, 491 (S.D.N.Y.1986) (Weinfeld, J.).[3]

In cases involving licenses or other contractual arrangements for exploitation of trademarks, copyrights or patents, the question often arises whether the action should be considered a state law claim, disputing issues of ownership and contract

1. The complaint alleges two agreements under which defendants failed to fulfill their obligations. Under the first agreement, made by Little Foxes and Foxmale on September 7, 1979, Foxmale was obligated to make royalty payments to Little Foxes in exchange for the right to use the Foxrun trademarks on men's and boy's apparel. Those payments were apparently never made, and, on September 20, 1981, the agreement was modified by a written memorandum providing that Foxmale would pay minimum royalties of $100,000 for the period January 31, 1982 to January 31, 1983 in consideration of cancellation of the amount due under the September 7, 1979 agreement. The second license agreement, between Little Foxes and Klone, was signed in July 1982. Under it, Klone was granted the sole and exclusive license for the trademark "Foxrun" for the period August 1, 1982 to July 31, 1985, with an option to renew for an additional three years. That agreement was purportedly terminated by Foxrun on February 17, 1986, by letter from Foxrun to Lister, president of Foxmale and Klone.

2. According to the Complaint, Workshop, Foxmale, Klone and American Outerwear are all New York corporations.

3. Federal jurisdiction over trademarks, however, unlike jurisdiction over patents and copyrights, is concurrent with that of the states. 28 U.S.C. § 1338(a). J. Moore, *Moore's Federal Practice* § 0.62[6], at 691 (1988).

rights, notwithstanding that the subject of the contract is a federally created statutory right, or a federal law claim properly within the jurisdiction of the federal court.

In *T.B. Harms v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), Judge Friendly discussed the principles that govern whether an action arises under the patent, copyright, or trademark laws so as to come within the jurisdiction conferred by § 1338:

> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Id.* at 828 (citations omitted).

*T.B. Harms* did not directly involve the question presented here. Plaintiff there sued for an accounting and did not allege any acts of infringement. Thus, Judge Friendly laid aside "the problem present when a defendant licensed to use a copyright or a patent on certain terms is alleged to have forfeited the grant." *Id.* at 825. In such cases, as Judge Friendly noted, "federal jurisdiction is held to exist if the plaintiff has directed his pleading against the offending use, referring to the license only by way of anticipatory replication, but not if he has sued to set the license aside, seeking recovery for unauthorized use only incidentally or not at all." *Id.*

*T.B. Harms* relied upon the Supreme Court's decision in *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), for its dicta concerning the scope of federal question jurisdiction where plaintiff has alleged that its licensee has infringed federally protected rights. In that case, after an exhaustive survey of the prior Supreme Court decisions, the Court held that an action against a patent licensee for royalties owed, an accounting, a declaration that the patent had reverted to

the plaintiff, and an injunction against future infringing use did not arise under the patent laws and that jurisdiction was absent. The Court there set forth the principles that govern the determination whether an action involving a copyright, trademark or patent arises under federal law. It stated: "a federal district court is held to have jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though in anticipation of a defense of a license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense." *Id.* at 510, 46 S.Ct. at 401. But, "where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license, ... he does not give the federal District Court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, ... he fears the defendant will infringe, and therefore asks an injunction to prevent it." *Id.* at 510–11, 46 S.Ct. at 402.

Under *Luckett* and *T.B. Harms*, "the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913); *see Deats v. Joseph Swantak, Inc.*, 619 F.Supp. 973, 978 (N.D. N.Y.1985). Where the action is brought to enforce, set aside or annul a contract, the mere circumstance that a federal trademark, patent, or copyright is the subject of the contract, does not suffice to confer federal jurisdiction. *See, e.g., Beghin–Say Int'l Inc. v. Ole–Bendt Rasmussen*, 733 F.2d 1568 (Fed.Cir.1984); *RX Data Corp. v. Department of Social Servs.*, 684 F.2d 192, 196 (2d Cir.1982); *Combs v. Plough, Inc.*, 681 F.2d 469, 470 (6th Cir.1982); *Arvin Indus., Inc. v. Berns Air King Corp.*, 510 F.2d 1070, 1073 (7th Cir.1975); *Lan-*

*sing Research Corp. v. Sybron Corp.*, 514 F.Supp. 543 (N.D.N.Y.1981). However, jurisdiction is held to exist where the plaintiff brings the action for infringement and alleges that the license has already been terminated for breach of a condition, *see, e.g., Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915); *Topolos v. Caldewey*, 698 F.2d 991 (9th Cir.1983); *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir.1970); *Frankel v. Stein & Day, Inc.*, 470 F.Supp. 209 (S.D.N.Y.1979), or that defendant's acts were outside the scope of the license, *see, e.g., The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *Henry v. A.B. Dick Co.*, 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912); *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228 (2d Cir.1982); *Franchised Stores of New York, Inc. v. Winter*, 394 F.2d 664 (2d Cir.1968); *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir.1963); *Kanakos v. MX Trading Corp.*, 1981 Copyright Law Decisions (CCH) ¶ 25,305 (S.D.N.Y.1981). Such a distinction is merely an application of the well-settled principle that "a suit arises under the law that creates the action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916); *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (state law cause of action to enforce federal statutory right is not within federal question jurisdiction).

In *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir.1970), for example, the court considered an allegation of trademark infringement resulting from a franchisee's violation of the franchise agreement and consequent forfeiture of the right to use plaintiff's mark. Because the complaint was framed as one for infringement, rather than breach of contract, the action was held to be "properly initiated in federal court." *Id.* at 898. Similarly, in *Kamakazi Music Corp. v. Robbins Music Group*, 684 F.2d 228 (2d Cir.1982), the Second Circuit held that jurisdiction was present under section 1338

where the plaintiff alleged that its licensee was selling copyrighted products that did not come within the scope of the license. Because plaintiff's complaint "did not mention breach of contract as a theory of liability," but rather sought "damages and attorneys fees under the Copyright Act," the court rejected the argument that jurisdiction was absent as "frivolous." *Id.* at 229–30.

I conclude that this case comes within the terms of federal subject matter jurisdiction under section 1338. The theory of the complaint is not the enforcement of contract rights to reversion and royalty payments. Rather, the complaint alleges claims under the Lanham Act. Although Workshop has apparently instituted parallel state adjudication seeking damages from the breach of the licensing agreements,[4] it has directed this pleading against the offending use. The relief the complaint seeks includes a declaration that the trademarks "Foxrun" and the representation of a running fox are valid and subsisting trademarks and that the defendants have infringed the trademarks, an injunction against future infringement, and treble damages, remedies expressly granted by the Lanham Act. Like the plaintiff in *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970), Workshop may lodge its complaint in federal court.

Defendants argue that plaintiff's allegations present a claim of a hybrid nature for which federal jurisdiction is not present. According to defendants, because any finding of infringement is contingent upon a determination that the defendants breached the license agreements, the court will improperly be required to resolve an issue of state contract law before it considers any trademark law issues. For this proposition, it cites Judge Weinfeld's opinions in *StepDesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32 (S.D.N.Y.1977), and *Bear Creek Prods., Inc. v. Saleh*, 643 F.Supp. 489 (S.D.N.Y.1986).

---

**4.** Plaintiff has apparently commenced an action in state court for money damages under the September 1981 agreement and has demanded

arbitration of the dispute under the July 1982 agreement. *See* Memorandum of Plaintiff in Support of Federal Court Jurisdiction at 11.

This argument proves too much. As the United States Court of Appeals for the Ninth Circuit has noted, "[i]n an action for infringement plaintiff necessarily must establish ownership of a valid copyright and copying by the defendant." *Topolos v. Caldewey,* 698 F.2d 991, 994 (9th Cir.1983) (citing *Warner Bros., Inc. v. ABC, Inc.,* 654 F.2d 204, 207 (2d Cir.1981)). State law questions, including ownership, may always arise at the threshold. *Id.*

Citing *StepDesign* and *Bear Creek,* defendant argues that the court should look behind the complaint to assess whether the action turns primarily on claims of breach of contract. I believe that such a rule is neither practical, nor in conformity with the Court of Appeals formulation in *T.B. Harms,* which looks to the complaint. *See Saturday Evening Post Co. v. Rumbleseat Press, Inc.,* 816 F.2d 1191, 1195 (7th Cir. 1987); *cf. Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983). It is important to the parties to know from the outset whether the court has subject matter jurisdiction over the case. The view that the federal jurisdiction depends on what is at "the heart of the controversy," *see Berger v. Simon & Schuster,* 631 F.Supp. 915, 918 (S.D.N.Y. 1986), or by "the fundamental controversy," *Stepdesign, Inc. v. Research Media, Inc.,* 442 F.Supp. 32, 34 (S.D.N.Y.1977)—can leave jurisdiction open to question as the parties conduct discovery and refine the issues. *Cf. Lieberman v. Chayefsky,* 535 F.Supp. 90 (S.D.N.Y.1982) (noting that jurisdiction issue has been reserved pending completion of discovery).[5] Indeed this approach admits a possibility of dismissal at the time of, or even after trial, upon the court's conclusion that the action primarily sought enforcement of contract rights rather than statutory remedies. *Cf. Dery v. Wyer,* 265 F.2d 804, 805 (2d Cir.1959) ("the sufficiency of jurisdiction should be deter-

mined once and for all at the threshold and if found to be present then should continue until final disposition of the action").

Furthermore, even where the controversy centers on whether a contractual term has been breached, plaintiff's remedies may raise federal statutory questions that should be determined by a federal court. For example, the court may be required to adjudicate the measure of damages by interpreting federal statutory standards such as the "profits" of the infringement and "intentional" infringement without "extenuating circumstances." 15 U.S.C. § 1117(a), (b); *Fendi S.A.S. Di Paola Fendi E Sorelle v. Cosmetic World, Ltd.,* 642 F.Supp. 1143, 1147 (S.D.N.Y.1986); *see also* 17 U.S.C. § 504. The determination whether the case implicates federal rights is often more difficult than might initially appear. The fact that a contract is alleged in the complaint as "anticipatory replication," *T.B. Harms Co. v. Eliscu,* 339 F.2d at 825, does not necessarily mean that the contract will be at the heart of the case. Commonly, to avoid litigation and risk, business entities secure licenses for rights that under the copyright, trademark, or patent laws might not be protectable. *See Orient Express Trading Co. v. Federated Department Stores, Inc.,* 842 F.2d 650 (2d Cir. 1988). In those cases, despite the presence of the license, the litigation will require interpretation of the federal statutory law to determine whether the plaintiff possesses an enforceable federal right.

Taking the allegations of the complaint as pleaded, I find that plaintiff "has directed his pleading against the offending use." *T.B. Harms Co.,* 339 F.2d at 825. Workshop has pleaded that the defendants have infringed his trademarks and has not asserted a claim for breach of contract. Although this court may be required to make a preliminary determination that the rights to the trademarks have reverted to plaintiff

---

5. The commentators have thus rejected the analogous view that "a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of [a federal law]," *Shulthis v. McDougal,* 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205 (1912), as impossible to administer and inconsistent with the view that federal jurisdiction exists even though the defendant defaults or the only questions are fact questions. *See* C. Wright, The Law of Federal Courts § 17, at 94–95 (4th ed. 1983); Mishkin, *The Federal Question in the District Courts,* 53 Colum.L.Rev. 157, 170 (1953).

under the license agreement, the necessity for that determination does not defeat federal jurisdiction.

## CONCLUSION

Having considered the factors enunciated in *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), I hold that this Court has subject matter jurisdiction over the action.

SO ORDERED.