DANIEL WILSON PRODUCTIONS,
INC., Plaintiff,

v.

TIME–LIFE FILMS, INC., et
al., Defendants.

88 Civ. 7306 (TPG).

United States District Court,
S.D. New York.

April 19, 1990.

Steven J. Hyman, Leavy Rosensweig & Hyman, New York City, for plaintiff.

Ronald P. Mysliwiec, Paul, Hastings, Janofsky & Walker, New York City, for defendants.

## OPINION

GRIESA, District Judge.

This action involves a claim that defendants exceeded their authority under a licensing agreement and improperly distributed video cassettes of certain movie films produced by plaintiff. There is also a claim of failure to perform the licensing agreement in regard to those distributions which were authorized. Defendants move to dismiss the complaint for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted. The motion is denied.

## THE COMPLAINT

Jurisdiction is asserted under the federal copyright law, 17 U.S.C. §§ 101 *et seq.,* pursuant to 28 U.S.C. § 1338(a). The doctrine of pendant jurisdiction is also relied upon.

The complaint alleges that in June 1978 plaintiff entered into an agreement with defendant Time–Life Films, Inc. providing that plaintiff would produce two films, *The Great Wallendas* and *Charlie's Balloon,* and would retain the copyrights thereto; that plaintiff would grant to Time–Life a license to distribute the films world-wide in the "free television markets" other than the prime time U.S. network market; and that Time–Life would also have the right to distribute the films in the "non-theatrical markets." It is alleged that plaintiff and Time–Life agreed that home video cassette rights were not included in the license grant.

The complaint alleges that in 1978 plaintiff created both the *Wallendas* film and the *Balloon* film, and that the films were copyrighted under United States law and were delivered to Time–Life for distribution under the June 1978 agreement.

According to the complaint, sometime subsequent to 1982 Time–Life purported to grant to its outgoing president, Austin Furst, and his corporation, defendant Vestron Video Incorporated, a license of the home video cassette rights to various films, including the *Wallendas* and *Balloon* films, despite the fact that Time–Life had not been granted such rights by plaintiff. It is claimed that Vestron thereafter entered into a sub-distribution agreement regarding home video cassettes with defendant Lightning Video, Inc. The complaint alleges that Vestron and Lightning have distributed and sold, and continue to distribute and sell, plaintiff's two films in the form of home video cassettes, in violation of plaintiff's rights.

With respect to the distributions which *were* authorized under the June 1978 agreement, the complaint alleges that the efforts of Time–Life were inadequate and that plaintiff has received far less revenues than contemplated by the agreement.

Home Box Office, Inc. is joined as a defendant because in 1984 Time–Life merged into Home Box Office.

There are three causes of action. The first and second causes of action contain claims of copyright infringement under 17 U.S.C. § 101 *et seq.* with regard to the marketing of the home video cassettes. The first refers to the *Wallendas* film and the second to the *Balloon* film.

The third cause of action is for breach of contract, alleging the failure by Time–Life and Home Box Office to make reasonable and good faith efforts to distribute plaintiff's films in the markets authorized for distribution in the June 1978 agreement.

The request for relief in regard to the first and second causes of action is under the Copyright Act and seeks to enjoin defendants from infringing the copyrights of plaintiff and to have all the cassettes in defendant's possession delivered up and impounded. There is a request for an accounting for all gains, profits and advantage derived by defendants from their infringement, and also for damages. Plaintiff also seeks costs and attorneys fees.

On the third cause of action, plaintiff requests damages in the amount of $1 million.

### DISCUSSION

Plaintiff claims federal jurisdiction exists with regard to the first and second causes of action under the federal copyright law. Pendent jurisdiction is asserted with respect to the third cause of action. There is no diversity of citizenship.

Defendants contend that all three causes of action are essentially contract claims, raising state law issues regarding the interpretation of the June 1978 agreement and performance of that agreement.

The jurisdictional statute for copyright actions is 28 U.S.C. § 1338(a), which provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents ... copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent ... and copyright cases.

A number of decisions over the years have dealt with the question of whether cases analogous to the present one arise under the federal statutes referred to in § 1338(a) or should be held to be merely contract actions under state law.

The leading case in this circuit is *T.B. Harms Co. v. Eliscu,* 226 F.Supp. 337 (S.D. N.Y.), *aff'd,* 339 F.2d 823 (2d Cir.1964). There a copyright owner sued persons claiming partial ownership. No infringement was actually alleged to have occurred, and none of the specific remedies provided by the federal copyright statute were sought. The suit was for declaratory judgment. The district court dismissed the case for lack of subject matter jurisdiction and the court of appeals affirmed. In his opinion for the court of appeals, Judge Friendly explored the various theories used by the federal courts for accepting or denying federal jurisdiction in actions based upon copyright ownership. He concluded with the following summary:

> Mindful of the hazards of formulation in this treacherous area, we think that an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, 17 U.S.C. § 101, or asserts a claim requiring construction of the Act, or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

339 F.2d at 828 (citations omitted). The court of appeals ruled that the suit by *Harms* did not fall within any of the theories sustaining jurisdiction.

Of particular note for purposes of the present case is Judge Friendly's reference to the most rudimentary ground of copyright law jurisdiction—*i.e.*, where "the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement." Elsewhere in the opinion there is an elaboration of this, with the statement that

> federal jurisdiction is held to exist if the plaintiff has directed his pleading against the offending use [infringement], referring to the license only by way of anticipatory replication, but not if he has sued to set the license aside, seeking recovery for unauthorized use only incidentally or not at all.

*Id.* at 825.

The Second Circuit returned to the subject in *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228 (2d Cir.1982). The plaintiff brought an action for copyright infringement, seeking injunctive relief, damages and attorneys fees under the Copyright Act. The defendant responded that it licensed the copyrights from the plaintiff, and that there was no federal jurisdiction since only contract issues were involved. The district court took jurisdiction and sent the matter to arbitration pursuant to the contract between the parties. A fundamental issue presented to the arbitrator was whether certain so-called "personality folios" were included in a limited grant to the defendant following the expiration of the main license. The arbitrator found that they were not and went on to find that the defendant had willfully sold the personality folios in violation of copyrights owned by the plaintiff. The arbitrator ruled that the plaintiff was entitled to injunctive relief and also awarded the plaintiff statutory damages and attorneys fees. The district court then confirmed the arbitration award. The court of appeals affirmed, holding that both the district court and the arbitrator had jurisdiction. The court stated:

> Kamakazi's suit is, was, and always has been based on the Copyright Act.... Given the explicit language of Kamakazi's complaint, and the acts complained of, it is frivolous for Robbins to contend that its contractual defense makes Kamakazi's suit one for breach of contract. The district court had jurisdiction because the claim was for copyright infringement. The claim sent to the arbitrator was for copyright infringement. The damages calculated by the arbitrator at Robbins' urging were for copyright infringement.

*Id.* at 230.

We now come to a line of cases in the Southern District of New York which, it is submitted, are at odds with the teachings of *Harms* and *Kamakazi*. *Felix Cinematografica v. Penthouse Int'l.*, 671 F.Supp. 313 (S.D.N.Y.1987); *Bear Creek Productions v. Saleh*, 643 F.Supp. 489, 492 (S.D.N.Y.1986); *Berger v. Simon & Schuster*, 631 F.Supp. 915, 917 (S.D.N.Y.1986); *Rotardier v. Entertainment Co. Music Group*, 518 F.Supp. 919, 921 (S.D.N.Y.1981); *Keith v. Scruggs*, 507 F.Supp. 968, 970 (S.D.N.Y. 1981) and *Stepdesign v. Research Media*, 442 F.Supp. 32, 33 (S.D.N.Y.1977). These cases apply what might be called the "essence test," which is epitomized by the following statement in the *Felix* case:

> Although plaintiff's complaint is framed entirely in terms of infringement, the Court finds that it is really an action on a contract, wherein plaintiff in essence seeks a declaration that the Settlement Agreement entered into among the parties did not transfer the rights of videocassette distribution to the defendants. There is nothing in this case which requires construction of the Copyright Act.

671 F.Supp. at 315.

A subsequent decision by Judge Leval made a thorough analysis of the authorities, and declined to follow the essence test cases. *Foxrun Workshop v. Klone Mfg.*, 686 F.Supp. 86 (S.D.N.Y.1988). Although this was a trademark case, analogous principles apply to copyrights, patents and trademarks. *Id.* at 87; *Bear Creek Productions v. Saleh, supra* at 491. The com-

plaint in *Foxrun* alleged that the plaintiff owned certain trademarks which had been licensed to the defendants; that the defendants had failed to perform their obligations under the license agreements with the result that the defendants' rights to use the trademarks had terminated; and that the defendants were continuing to use the plaintiff's trademarks in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* The complaint sought injunctive and declaratory relief and treble damages, remedies expressly granted by the Act.

The defendants argued against federal jurisdiction on the ground that any finding of infringement would be contingent upon a determination that the defendants had breached the license agreements, a question which involved state contract law. Responding to this argument, Judge Leval stated:

> Citing *Stepdesign* and *Bear Creek*, defendant argues that the court should look behind the complaint to assess whether the action turns primarily on claims of breach of contract. I believe that such a rule is neither practical, nor in conformity with the Court of Appeals formulation in *T.B. Harms*, which looks to the complaint.

*Id.* at 90. Thus Judge Leval declined to follow the essence test cases. He persuasively described the undue uncertainty and complication involved in administering a test of federal jurisdiction which depends on what is at the "heart" of the controversy, or what is deemed to be the "fundamental controversy." Moreover, he reasoned that even where the controversy centers on a contractual issue, a complaint under the federal statute is likely to involve questions of federal statutory interpretation, at least with regard to the remedies available under federal law. *Id.* at 90. The decision concluded:

> Although this court may be required to make a preliminary determination that the rights to the trademarks have reverted to plaintiff under the license agreement, the necessity for that determination does not defeat federal jurisdiction.

*Id.* at 90–91.

I find Judge Leval's reasoning entirely sound. Where a complaint alleges a feder-

ally conferred right, such as a copyright, a trademark or a patent, then alleges violations of that right and requests remedies provided by federal statute, this should be enough to confer federal jurisdiction. The fact that such a claim arises in the context of a disruption of contractual arrangements and presents certain contract issues should not remove it from that jurisdiction.

Recently the Second Circuit cited certain of the essence test decisions in *Video Trip Corp. v. Lightning Video*, 866 F.2d 50, 52 (2d Cir.1989). However, that case did not involve the question of jurisdiction, and the decisions were used to illustrate the obvious proposition that suits brought under the federal copyright law or similar statutes can often involve questions of state law.

The view expressed by Judge Leval in *Foxrun* is consistent with that of the *Nimmer* treatise:

> Notwithstanding the existence of a contractual relationship between the parties, if the defendant's conduct is alleged to be without authority under such contract and to further constitute an act of statutory copyright infringement, then federal jurisdiction will be invoked.

*3 Nimmer on Copyright,* § 12.01[A] at 12–8 (1989).

In the case at bar, the court holds that the first two causes of action are properly pleaded under the federal copyright law. They assert that the two movies in question were copyrighted under the statute, that certain limited rights were granted to Time–Life, and that Time–Life and the other defendants have exceeded the bounds of that license and have marketed items for which plaintiff still retains the exclusive rights under the copyright law. The court holds that, even though certain questions of contract interpretation are presented, nevertheless the first two causes of action plead claims for copyright infringement arising under the Copyright Act within the meaning of 28 U.S.C. § 1338(a).

The same result was reached in an analogous Ninth Circuit case. *Vestron, Inc. v.*

*Home Box Office*, 839 F.2d 1380 (9th Cir. 1988).

The third cause of action is properly before the court under the doctrine of pendent jurisdiction.

The motion to dismiss the complaint for lack of subject matter jurisdiction is denied. For basically the same reasons, the court also denies the application to dismiss for failure to state a claim upon which relief can be granted.

SO ORDERED.