**FENDI S.A.S. DI PAOLA FENDI E SORELLE, Plaintiff,**

v.

**COSMETIC WORLD, LTD. Loradan Imports, Inc., Linea Prima, Inc., a.k.a., Linea Garbo Shoes, Daniel Bensoul, Michael Bensoul, a.k.a. Nathan Benedel, Paolo Vincelli, and Mario Vincelli, Defendants.**

**85 CIV 9666 (LBS).**

United States District Court, S.D. New York.

Sept. 8, 1986.

Pavia & Harcourt, New York City, for plaintiff; (Frances B. Bernstein, Sonia Sotomayor, David A. Botwinik, of counsel).

Stanley Yaker, New York City, for defendants Paolo Vincelli and Mario Vincelli.

OPINION

SAND, District Judge.

Plaintiff, Fendi S.a.s. Di Paola Fendi e Sorelle ("Fendi"), brings this action for trade infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., as amended by the Trademark Counterfeiting Act of 1984, against defendants, Mario and Paolo Vincelli ("the Vincellis"), charging them with dealing in imitation Fendi products bearing counterfeit Fendi trademarks.[1] Plaintiff now moves for summary judgment and seeks a permanent injunction

---

1. The suit initially charged five additional defendants with the importation and buying and selling of counterfeit Fendi handbags and related merchandise. The case, however, has since been settled as to all but the Vincelli defendants.

against defendants, destruction of the counterfeit goods, and the return of the security that it has posted. Plaintiff also seeks monetary relief in the form of damages and/or an accounting for profits. It also seeks attorneys' fees. For the reasons that follow, we grant plaintiff permanent injunctive relief, and hold that plaintiff is entitled to treble damages and attorneys' fees. We refer this case to Magistrate Joel J. Tyler to report and recommend the appropriate sum. We also hold that plaintiff may destroy the counterfeit goods it has seized from defendants and is entitled to the return of the money it posted as security prior to the seizure.

## I. BACKGROUND

Fendi is a limited partnership with its principal place of business in Italy. It is engaged in the manufacture and sale of a wide variety of fashion merchandise, including furs, pocketbooks and leather apparel. Most of the items in question here are women's handbags. Plaintiff's products are sold throughout the United States, but are distributed through only a limited number of carefully selected retail stores. The Fendi company has undertaken considerable effort to assure that genuine Fendi goods never travel outside of this exclusive retail network. Genuine Fendi products bear the registered trademark of the Fendi company, consisting of the word "FENDI" (Reg. No. 1,244,466), and a monogram comprised of two initial F's ("FF") (Reg. No. 1,214,472). Both the FENDI and FF monogram trademarks have been extensively advertised and now represent prestigious symbols in fashion.

On December 12 and 13, 1985, an ex parte seizure order was executed, and more than 1,000 items bearing counterfeit Fendi trademarks were seized at the Vincelli premises. Since the execution of the seizure order, all of these goods have been warehoused at plaintiff's expense. Shortly after the seizure, both sides agreed that the case would be settled. On December 20, 1985, this Court issued an Order to dismiss the case but provided that it could be reopened within 90 days upon notification by either party. After two subsequent extensions of that Order, settlement negotiations collapsed and plaintiff brought the instant motion.

## II. LIABILITY

Plaintiff contends that it is entitled to summary judgment as to defendants' liability. In a brief affirmation in opposition, defendants contend, without any factual support whatsoever, that plaintiff has not made out a claim that defendants have engaged in selling goods with counterfeit trademarks.

The principles governing the grant of summary judgment are the same in trademark as in other actions. Summary judgment may not be granted unless it appears there is "no genuine issue as to any material fact." F.R.Civ.P. 56(c). If, however, the suit can have but one possible outcome, summary judgment is appropriate.

On the uncontested facts here, we find plaintiff is entitled to summary judgment on the issue of liability. Plaintiff has established that defendants, in violation of 15 U.S.C. § 1051 et seq., actively engaged in the sale of goods bearing counterfeit FENDI and FF trademarks and attempted to pass off such goods as genuine Fendi products. Specifically, the deposition of Paolo Vincelli establishes that the Vincellis imported and distributed to numerous retailers merchandise bearing counterfeit Fendi trademarks. P. Vincelli Deposition at 57, 116. It also demonstrates that Paolo Vincelli travelled to Italy to find a source of imitation Fendi handbags so that he could sell them in the United States, and once there, had a source make merchandise specifically for him bearing the Fendi trademarks. *Id.* at 21. Moreover, the handbags themselves were designed in a deliberate attempt to duplicate genuine Fendi merchandise. *Id.* at 91–92. Vincelli told the retail merchants to whom he sold his products that the products were imitation Fendi merchandise and that the retailers' customers would likely be deceived

into thinking that they were buying genuine Fendi products. *Id.* at 92, 118.

## III. RELIEF

### A. *Injunction*

■ Defendants are hereby permanently enjoined from buying, selling, advertising or otherwise dealing in goods bearing the infringed marks. *See* 15 U.S.C. § 1116(a).

### B. *Destruction of the Goods*

■ Plaintiff contends that the 1984 anti-counterfeiting amendments to the Lanham Act, codified at 15 U.S.C. §§ 1114–1118, entitle it to destroy not only the counterfeit marks, but the counterfeit goods as well. Although it is not clear from the face of the statute, we nevertheless find that plaintiff is entitled to destroy the goods.

Prior to the 1984 anti-counterfeiting amendments, 15 U.S.C. § 1118 explicitly permitted the destruction of only "labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same." [2] The 1984 amendments added to this section that before any "articles" seized under the amended section 1116(d) could be destroyed, there must be notice given to the appropriate United States attorney so he may object to the destruction if the articles are evidence of a crime.[3] Section 1116(d), as amended, al-

lows for an ex parte seizure order for "goods and counterfeit marks involved in [the] violation" of either 15 U.S.C. § 1114(1)(a) or 36 U.S.C. § 380. Plaintiff apparently reads section 1118's amended portion referring to the destruction of "articles" seized pursuant to amended section 1116(d), which in turn refers to the seizure of goods as well as trademarks, as "anticipat[ing] [the] destruction of seized counterfeit merchandise and condition[ing] the granting of such an order only upon plaintiff's giving the appropriate United States attorney 10 days notice of its application." Plaintiff's Memorandum in Support of Its Motion at 10.

We do not find the issue so simple. The point remains that Congress failed to amend section 1116 to explicitly provide for the destruction of anything other than infringing marks and the machinery used to produce them. Contrasted with this failure is Congress's affirmative amending of the Criminal Code to grant government prosecutors in criminal prosecutions for trademark counterfeiting the right to seek destruction of the goods themselves. This grant was also part of the 1984 amendments to the Lanham Act and is now codified at 18 U.S.C. § 2320, which reads in pertinent part:

(b) Upon a determination by a preponderance of the evidence that any articles in the possession of a defendant in a prosecution under this section bear counterfeit marks, the United States may obtain an order for the destruction of such articles.

---

**2.** Prior to the 1984 amendment, 15 U.S.C. § 1118 read:

§ 1118. Destruction of infringing articles

In any action arising under this chapter, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

**3.** The 1984 amendment to section 1118 of 15 U.S.C. added the following:

§ 1118. Destruction of infringing articles

The party seeking an order under this section for destruction of articles seized under section 1116(d) of this title shall give ten days' notice to the United States attorney for the judicial district in which such order is sought (unless good cause is shown for lesser notice) and such United States attorney may, if such destruction may affect evidence of an offense against the United States, seek a hearing on such destruction or participate in any hearing otherwise to be held with respect to such destruction.

Despite Congress's failure to enact a civil provision analagous to the criminal provision authorizing destruction of goods, we find that such destruction was intended by Congress to be allowed in civil cases. Our finding is based upon the legislative history of the Act (although that history was cited by neither party). The Joint Explanatory Statement of both Houses of Congress, 130 Cong. Record H. 12,076, 12,077 (Oct. 10, 1984), after making clear that the criminal amendments provide for the destruction of actual goods, explained: "This provision gives the court the same options it has in ordering destructions under 15 U.S.C. 1118." Implicit in this statement is that the Court in civil cases may order the actual goods, as well as the infringing marks, destroyed.

## MONETARY RELIEF

■ The amount of Fendi's monetary recovery is governed by 15 U.S.C. § 1117, which provides for treble damages against an individual who intentionally uses a trademark knowing it to be counterfeit. 15 U.S.C. § 1117(b). Under the amended statute, absent "extenuating circumstances," federal courts are expected, and not merely authorized to "enter judgment for three times such profits or damages, whichever is greater, together with reasonable attorney's fee." *Id.* What constitutes extenuating circumstances is determined on a case by case basis. Where the defendant is an "unsophisticated individual, operating on a small scale, for whom the imposition of treble damages would mean that he or she would be unable to support his or her family," treble damages may be inappropriate. Joint Explanatory Statement, 130 Cong. Record H. 12,076 at 12,083 (Oct. 10, 1984). However, Congress has indicated that "it will be a rare case in which a defendant who has trafficked in goods or services using a mark that he or she knows to be counterfeit can show that he or she should not be assessed treble damages." *Id.* at 12.

■ In this instance, we find no extenuating circumstances mitigating defendants' willful infringement of plaintiff's registered trademark. Indeed, we believe tre-

ble damages and attorneys' fees are particularly appropriate here in view of the undisputed evidence that defendants deliberately arranged to first obtain counterfeit goods and then sell them as genuine items to an innocent public. This seems as blatant a case of counterfeiting as there could be.

Inasmuch as the parties dispute the proper amount of a damage award, we direct Magistrate Tyler to hold whatever proceedings he believes necessary, and then report and recommend to this Court an appropriate damage award and award of attorneys' fees.

## IV. CONCLUSION

Defendants are liable to plaintiff under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and are permanently enjoined from counterfeiting plaintiff's registered trademarks. In addition, this case is referred to Magistrate Joel J. Tyler to report and recommend the appropriate damage award and attorneys' fees award. The Clerk of the Court is directed to return to plaintiff the money it posted as security prior to its ex parte seizure of defendants' goods.

SO ORDERED.