**GUCCI AMERICA, INC., Plaintiff,**

**v.**

**REBECCA GOLD ENTERPRISES, INC., Rebecca Yahoudai, and Hertsel Yahoudai, Defendants.**

**No. 89 Civ. 4736 (BN).**

United States District Court, S.D. New York.

Sept. 30, 1992.

Lieberman, Rudolph & Nowak (Milton Springut and Henry Pitman), New York City, for plaintiff.

Frank & Aronow, P.C. (Theodore M. Wachtel, Esq.), New York City, for defendants.

## OPINION AND ORDER

NEWMAN: Senior Judge of the United States Court of International Trade, sitting as a United States District Court Judge by designation.

## INTRODUCTION

In this action for infringement of trademark, brought under sections 32 and 43(a) of the Lanham Act, codified as amended at 15 U.S.C. §§ 1114(a), 1125(a) (1988), defendants seek modification of this court's Order and Opinion of July 15, 1992, 798 F.Supp. 177 adopting the report and recommendations of Magistrate Judge Kathleen A. Roberts. Specifically, defendants assign error to this court's award of attorney's fees to plaintiff, Gucci America, Inc.,

(hereinafter, "Gucci"). Defendants also seek leave to conduct discovery with regard to the application of Gucci's counsel for attorney's fees.

For the reasons set forth below, the court adheres to the award of attorney's fees and grants leave for discovery.

*The Award of Attorney's Fees*

 The Magistrate Judge found a willful infringement of trademark and recommended the award of a reasonable attorney's fee, as provided in section 35 of the Lanham Act, 15 U.S.C. § 1117 (1988). In view of her finding of extenuating circumstances, however, the Magistrate Judge did not award treble damages. While the Magistrate Judge's report did not specify the basis upon which attorney's fees should be awarded, this court adopted the recommendation, expressing the opinion that, due to the finding of willful infringement, the award was mandatory under section 35(b).

Defendants take the position that an award of attorney's fees is permissible *only* when the court has concluded that extenuating circumstances are not present. Since extenuating circumstances were explicitly found in the instant case, defendants propose that the order adopting the recommendation of attorney's fees was erroneous. While the court believes that this reasoning is untenable, defendants have highlighted an ambiguity in the statutory language that merits explanation.

Pursuant to amendments to the Lanham Act enacted in 1984, intentional violations of section 32 or 43(a) of the Act are subject to the treble damage and fee-shifting provisions of section 35(b), which provides in pertinent part:

(b) Treble damages for use of counterfeit mark

*In assessing damages* under subsection (a) of this section, the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee ... (emphasis added)

15 U.S.C. § 1117(b). The statute clearly states that, upon a finding of extenuating

circumstances, the district court may decline to award treble damages, which it ordinarily would be expected to award a prevailing party in the event that the use of a counterfeit mark were found to be willful. *See Fendi S.A.S. Di Paola v. Cosmetic World, Ltd.*, 642 F.Supp. 1143, 1147 (S.D.N.Y.1986) (courts expected, and not merely authorized, to award attorneys fees in absence of extenuating circumstances). By contrast, it is not immediately clear from the statute whether the award of attorneys fee's is also affected by a finding of extenuating circumstances or if it remains automatic as long as infringement is found to be willful. Inasmuch as this court's prior opinion assumed that attorney's fees were automatic in either case, that issue is resolved here.

In adding section 35(b), Congress directed the federal courts to award successful plaintiffs an amount greater than actual damages, which some courts had previously been reluctant to do under the then existing section 35, which now appears, as amended, as subsection (a). Trademark Counterfeiting Act of 1984, Pub.L. 98–473, § 1503(2), 98 Stat. 2182 (1984). *See also* 1984 U.S.Code Cong. and Adm.News, pp. 3182, 3631–32. When Congress included the "escape clause" for extenuating circumstances, it determined that, as to certain defendants, the harsh remedy of treble damages might be unwarranted. It was not explicit whether this rationale also extends to the award of attorney's fees.

The answer to this question is to be found by identifying the reason for which Congress allowed district courts to grant relief from the harsh remedies provided in section 35(b). The most frequently cited "extenuating circumstance" is the hypothetical case of an "unsophisticated individual, operating on a small scale, for whom the imposition of treble damages would mean that he or she would be unable to support his or her family." *See Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir.1989); *Fendi S.A.S. Di Paola*, 642

F.Supp. at 1147 (S.D.N.Y.1986) (quoting from Joint Statement on Trademark Counterfeiting Legislation, 130 Cong.Rec. H12083 (October 10, 1984)).[1] In a case such as this one, the impact of an award of attorney's fees might be considerably more burdensome to the infringer than trebled damages. It follows, therefore, that a reading of the statute that makes the award of attorney's fees mandatory—while at the same time permitting the court to exercise discretion in reducing the award in other respects—would be an irrational one, rendering the allowance for extenuating circumstances meaningless in a large number of cases. *See Louis Vuitton, S.A. v. After Dark Boutique*, 680 F.Supp. 1507, 1512 (N.D.Fla.1988) (courts finding extenuating circumstances have discretionary power to reduce what otherwise would be a mandatory award). Therefore, inasmuch as this court's prior Order and Opinion stated otherwise, let it now be made clear: where extenuating circumstances are found to be present, attorney's fees, like treble damages, are not mandatory; rather, attorney's fees are recoverable to the extent that the statute leaves their application to the discretion of the district judge.

■ Defendants have, nevertheless, overstated the limits on the court's power to award attorney's fees. Concededly, under today's holding, the Magistrate Judge's finding of extenuating circumstances plainly eliminates section 35(b) as a basis for adoption of her recommendation of attorneys' fees. However, the Magistrate Judge did not specify the basis upon which the award was recommended. This court, therefore, reaffirms its prior adoption of that recommendation, relying instead upon the discretionary power vested in the federal courts by section 35(a).

Under section 35(a), 15 U.S.C. § 1117(a), courts *may* award attorneys fees in "exceptional" cases. Courts construing "exceptional" have interpreted it to refer to cases involving deliberate or willful in-

---

1. By no means does the Court suggest that this is the particular circumstance in this case. On the contrary, Magistrate Judge Roberts made it clear that the extenuating factor was the limited nature of the infringement. Courts are to determine what constitutes an extenuating circumstance on a case-by-case basis. *Fendi S.A.S. Di Paola*, 642 F.Supp. at 1147.

fringement. *See Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir.1982); *Manufacturers Technologies, Inc. v. CAMS, Inc.*, 728 F.Supp. 75, 85–6 (D.Conn. 1989); *Vuitton Et Fils, S.A. v. Crown Handbags*, 492 F.Supp. 1071, 1078–79 (S.D.N.Y.1979), *aff'd without opinion*, 622 F.2d 577 (2d Cir.1980). This standard of intent is essentially identical to the one contained in section 35(b). Moreover, as is evident from the plain language of the statute, Congress did not eliminate discretionary fee-shifting in its 1984 amendments; rather, it made it fee-shifting mandatory in one class of cases, while leaving the rest of section 35 intact. Thus, even where the court finds that fee shifting is not mandated by statute, it may still exercise its discretionary power to award attorney's fees in exceptional cases of infringement. *See Hard Rock Cafe Licensing v. Concession Services*, 955 F.2d 1143, 1151 (7th Cir.1992).

Here, the limited nature of the infringement made multiplication of the damages an undesirable sanction. The infringement remained, however, an exceptional one in view of its blatant, willful character. Therefore, while treble damages may have been deemed to be inappropriate, the recommendation to award attorney's fees remained within the sound discretion of the Magistrate Judge. Moreover, in view of the extensive legal effort required to protect Gucci's trademark, the remedy of attorney's fees was particularly well tailored to the instant case. One of the advantages of the fee-shifting section is to make plaintiffs whole, *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 524 (D.C.Cir.1985), a purpose well served by the Magistrate Judge's recommendation. Whereas the infringement was limited in nature (and difficult to quantify precisely), the lion's share of Gucci's losses were in the form of attorney's fees, both in the Philadelphia action and the instant case. The decision to grant attorney's fees and deny treble damages in similar cases was discretionary under the pre-amendment version of section 35, and remains appropriate under contemporary actions governed by the current section 35(a). *See, e.g.,*

*Playboy Enterprises v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1276 (9th Cir.1982) (declining to award treble damages but awarding attorney's fees even where infringement found to be premeditated). The court, therefore, sustains its prior adoption of the Magistrate Judge's recommendation of an award of a reasonable attorney's fee.

### Discovery

Finally, defendants assert that discovery is required to determine whether the application for attorney's fees is reasonable. In support of the proposed fee award, Gucci's counsel has submitted a statement in which the daily time sheets are summarized. *See* Declaration of Milton Springut, Appendix "A". Addressing defendants' discovery request, Gucci's counsel suggests that the application for fees sets out all the facts that need to be discovered. The court agrees with defendants that more is required.

■ It is settled law in this Circuit that the attorneys for the prevailing party must submit contemporaneous time records as a prerequisite for recovering fees from the losing party, setting forth the hours spent by each attorney and the nature of the work performed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *New York Ass'n For Retarded Child. v. Carey*, 711 F.2d 1136, 1147 (2d Cir.1983). Without such a requirement, attorneys might be chilled from bringing litigation on the merits of a given case due to "the prospect of protracted litigation over reasonable demands for compensation." *Nat. Ass'n of Concerned Veterans v. Sec. of Defense*, 675 F.2d 1319, 1329 (D.C.Cir.1982).

■ In fee-shifting disputes, courts generally concern themselves with the issue of unnecessary or duplicative hours spent on a given part of the litigation and the reasonableness of the rate claimed by the prevailing party's attorney. For example, the court must ascertain which, if any, of the claimed hours are not properly billable to the plaintiff, *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir.1983), so that such hours are not then unfairly charged to the

losing party under the fee-shifting provision of the statute. *Copeland v. Marshall,* 641 F.2d 880, 888 (D.C.Cir.1980) (en banc). Time records should be sufficiently particular and supported with such information as is necessary to assist the court in determining how much of the claimed fee is reasonable and to what extent it should be reduced.

The entries appearing in the Declaration of Milton Springut, Appendix "A," are not so vague that the court would be disposed to exclude many of them outright. *Cf., Soler v. G & U, Inc.,* 658 F.Supp. 1093, 1099 (S.D.N.Y.1987) (entries such as "Outline," "Research," and "Travel" do not provide court with sufficient information to justify inclusion in total hours allowed). Nevertheless, the court would be ill-equipped, based on the information in the Declaration alone, to assess the reasonableness of the number of hours for which Gucci's counsel seeks recovery.

■■■ Gucci's claim that the application sets forth all the information required is frivolous; without supporting documentation of a sort that could only be obtained by discovery, neither the appropriate rate of compensation nor the proper number of billable hours can be gleaned from the application. *Cf. Brown v. Bolger,* 102 F.R.D. 849, 863–65 (1984). Limited discovery is entirely proper when counsel for a prevailing party applies to recover attorney's fees from an adversary. Pertinent information bearing upon the nature and extent of work performed is essential to calculation of a fee award and should be available to opposing counsel as a matter of right. *See Concerned Veterans,* 675 F.2d at 1329 (citing *Wolf v. Frank,* 555 F.2d 1213, 1215 (5th Cir.1977); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 382 F.Supp. 999, 1003 (E.D.Pa.1974), *rev'd in part, aff'd in part,* 540 F.2d 102 (3rd Cir.1976) (en banc). Nevertheless, the court is no less eager than Gucci to avoid unproductive discovery and waste of time, and will accordingly exercise its discretion to narrow the focus and methods of discovery. Fed.R.Civ.P. 26(b)(1). The award for reasonable attorney's fees will include time expended by Gucci's counsel in participating in the discovery. *Concerned Veterans,* 675 F.2d at 1329.

The court does not authorize defendants to engage in unrestrained discovery activities. In their objection to Gucci's application for attorney's fees, defendants did not specify the proposed scope and methods of discovery. Rather, they made a general demand to take unidentified discovery for the purpose of challenging Mr. Springut's declaration and determining what objections, if any, should be made to the application. This was not the proper procedure for defendants to follow. The District of Columbia Circuit criticized a similar procedural abuse on the part of the United States in *Concerned Veterans:*

> The United States has recently followed the practice in its opposition papers of seeking discovery by simply lodging a general request to take unidentified discovery. Discovery requests should be precisely framed and promptly advanced before final opposition papers are filed. The District Court and the applicant are entitled to have discovery demands in clear outline at an early stage after the fee application is filed. Unfocused requests to initiate discovery without indicating its nature or extent serve no purpose, and the District Court has full discretion to deny such requests.

675 F.2d at 1329. Since the court has already acknowledged a need for additional information, it will not impose the harsh penalty of denying defendants' request to initiate discovery that the court in *Concerned Veterans* suggested. However, the court will exercise its discretion to focus the scope and extent of discovery by means of an appropriate scheduling order, to be developed with the parties in conference.

## CONCLUSION

1. To the extent that this court's adoption of Magistrate Judge Roberts' recommendation of an award of attorney's fees relied upon section 35(b) of the Lanham Act, that Order is hereby modified to conform with this Opinion. The award of attorney's fees is sustained under section 35(a).

2. Defendants have leave to conduct limited discovery, narrowly focused to those issues relating to the reasonableness of the proposed fee award. Counsel are directed to appear for a scheduling conference for the purpose of refining the subject matter and scope of the discovery at a date and time to be fixed by the court.