FILA U.S.A., INC., and Fila Sport, S.p.A., et al., Plaintiffs,

v.

Nam Joo KIM and Nexus International Trading Co., Inc., Defendants.

No. 93–0604–CIV.

United States District Court, S.D. Florida.

Feb. 6, 1995.

---

**492**

G. Roxanne Elings, Lewin & Laytin, New York City.

Sarah Anne Keefe, Leslies J. Lotts & Associates, Coral Gables, FL, for plaintiffs.

Richard S. Ross, North Miami Beach, FL, for defendants.

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before this Court upon Plaintiffs' Motion for Summary Judgment, filed on April 18, 1994. Defendants filed a response on May 2, 1994. The Court heard oral argument on the motion for summary judgment on November 1, 1994.

### I. Factual Background

The instant case arises out of the alleged trademark infringement and unfair competition activities of Defendants Nam Joo Kim and Nexus International Trading Company with regard to Reebok and Fila footwear. Plaintiffs bring suit under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.,* as amended (hereinafter "Lanham Act") and under Florida law.

On March 31, 1994, the Court entered a Temporary Restraining Order, an Order Restraining Transfer of Defendants' Assets and an Order to Show Cause for Preliminary Injunction. On April 1, 1994, police, U.S.

Marshal Service and U.S. Customs officials executed said orders in Florida and Pennsylvania. The items obtained at Defendants' premises included athletic shoes, correspondence, invoices and other documents.

Plaintiffs Fila and Reebok sell sportswear, athletic shoes and related goods using registered, well-known trademarks. Defendant Nexus International Trading, Co. is a Florida corporation engaging in the import and export of various goods. Defendant Nam Joo Kim is president and sole shareholder of Nexus International Trading, Co.

In January 1993, Plaintiffs' investigator, N.C. Mills, met with Defendant Kim to discuss the purchase of Fila and Reebok athletic shoes. Mills and Defendant Kim subsequently negotiated the sale of 5,000 pairs of Reebok and 3,000 pairs of Fila shoes. In March 1993, Mills and Defendant Kim met in Korea to inspect the shoes at the factory. The Reebok shoes that Mills inspected in Korea were counterfeit.

In his declaration, Defendant Kim denies all the material facts set forth in Plaintiffs' moving papers. Defendant Kim asserts that neither he nor his company had ever "obtained any shoe products for anyone." (Kim Decl. at 5); that he never offered to sell or buy counterfeit Reebok, Fila, LA Gear or Converse shoes (*Id.* at 8); that he has no information to believe that the shoes identified in Plaintiff's moving papers ever existed, and if they did, whether they were genuine or counterfeit. *Id.* at 3.

## II. Jurisdiction

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The Court's jurisdiction over Defendants is proper pursuant to the laws of the State of Florida and Federal Rule of Civil Procedure 4.

## III. Legal Standard

Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In ruling on the moving party's motion, the court must view the evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In so doing, the court "should 'resolve all reasonable doubts about the facts in favor of the non-movant' and draw 'all justifiable inferences . . . in his favor.'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991) (alteration in original) (citation omitted).

Initially, the moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (1993), *reh'g denied*, 16 F.3d 1233 (11th Cir.1994). To meet this burden, the non-moving party must go beyond the pleadings. If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the Court should refuse to grant summary judgment. *Id.* However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## IV. Analysis

█ A trademark is any "word, name, symbol device or any combination thereof used by a manufacturer or retailer of a product, in connection with that product, to help consumers identify that product as different from the product of competitors." M. Epstein, *Modern Intellectual Property* 289 (2d ed. 1991); *see also* 15 U.S.C. § 1127 (definition of trademark). A trademark also identifies a particular product as coming from a distinct source, even if the name of the source is unknown to the consumer. *Id.*

█ The purpose of the Lanham Act is to

regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies.

15 U.S.C. § 1127. To prevail in an action for trademark infringement under the Lanham Act, the plaintiff must show the following: 1) that its mark is valid (i.e., properly registered, not generic, not abandoned through non-use); and 2) that the defendant's use of the contested mark is likely to cause deception or confusion on part of the consuming public as to the source of goods or services at issue. *See Dieter v. B & H Industries of Southwest Florida, Inc.*, 880 F.2d 322, 326 (11th Cir.1989), *cert. denied,* 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 332 (1990). Proof of "likelihood of confusion" is the *sine qua non* in actions for 15 U.S.C. § 1114 trademark infringement and for 15 U.S.C. § 1125 unfair competition.

### A. *15 U.S.C. § 1114 Trademark Infringement*

Section 7(b) of the Lanham Act provides that a "certificate of registration of a mark upon the principal register provided by this Act shall be *prima facie* evidence of the validity of the registration, registrant's ownership of the marks and of registrant's exclusive right to use the mark in commerce in connection with the goods." 15 U.S.C. § 1057(b).

In an action for trademark infringement, the Court's inquiry focuses on whether there is a likelihood of confusion between the marks used by the parties. *See Freedom Sav. & Loan Ass'n v. Way,* 757 F.2d 1176, 1179 (11th Cir.), *cert. denied,* 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 110 (1985). The Eleventh Circuit has adopted a seven-factor test for determining whether there is a likelihood of confusion between two marks. The factors to consider are: 1) the type of trademark; 2) the similarity of design; 3) the similarity of product; 4) the identity of retail outlets and purchasers; 5) the similarity of advertising media used; 6) the defendant's intent; and 7) actual confusion. *Id.*; *Dieter v. B & H Indus. of Southwest Florida,* 880 F.2d at 326.

With regard to counterfeit goods, the counterfeit merchandise is a duplicate for the genuine article. *See, e.g., Fendi S.A.S. di Paola v. Cosmetic World, Ltd.,* 642 F.Supp. 1143, 1145 (S.D.N.Y.1986). Where a counterfeit item is virtually identical to the genuine item, the "very purpose of the individuals marketing the cheaper [counterfeit] items is to confuse the buying public into believing that it is buying the true article." *In re Vuitton et Fils S.A.,* 606 F.2d 1, 4 (2d Cir. 1979).

In the instant case, Plaintiff Reebok[1] has established and Defendants do not dispute that Plaintiff Reebok has federally

1. Defendants contend that Plaintiff Fila has failed to present a basis for granting summary judgment regarding the Fila mark because Plaintiff Fila has failed to include its registered trademarks in the Complaint and admits that none of the documents it submitted in support of summary judgment "specifically refer to FILA shoes" Plaint. Memorandum at 4. Pursuant to Federal Rule of Civil Procedure 15(b), Plaintiff Fila nonetheless requests the Court to amend the pleadings to include Plaintiff Fila's trademarks in the Complaint.

   Federal Rule of Civil Procedure 15(b) provides that when "issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed.R.Civ.P. 15(b); *Cioffe v. Morris,* 676 F.2d 539, 541 (11th Cir.1982) (A "judgment may be based on an unpled issue as long as consent to trial of the issue is evident.").

   The Court finds that Plaintiff Fila's request to amend the pleadings is inapposite to the instant case since Rule 15(b) applies to unpled issues that are tried and not to factual issues raised in a motion for summary judgment. Accordingly, the Court declines to amend the pleadings pursuant to Rule 15(b).

   With regard to unfair competition, however, a trademark need not be registered for liability to arise under 15 U.S.C. § 1125. *See Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg. Co.,* 510 F.2d 1004 (5th Cir.), *cert. denied,* 423 U.S. 868, 96 S.Ct. 132, 46 L.Ed.2d 98 (1975).

registered trademarks for and the exclusive right to use said marks. Plaintiff Reebok has also established that the shoes sold to Mills and manufactured in Korea were counterfeit. Plaintiff's affidavits and documents further establish that said shoes infringe upon Plaintiff Reebok's trademarks and are sold in direct competition with Plaintiff's genuine merchandise. As the counterfeit shoes have marks identical to those registered by Plaintiff, it is difficult to distinguish them from the genuine article. As a result, the likelihood of confusion is virtually assured.

■ Defendant Kim has not offered any evidence to challenge the counterfeit nature of the shoes. Rather, he only questions whether they exist and if so, whether they are genuine or counterfeit. *See* Kim Decl. at 6–8. Defendant Kim's simple denial of wrongdoing and his bald assertion that he was only acting as a translator cannot and do not raise a genuine issue of material fact. Furthermore, Defendant Kim has not presented any documents, affidavits or other evidence to dispute Plaintiffs' other factual assertions regarding the nature and extent of Defendants' involvement in the manufacture and sale of counterfeit athletic shoes.[2] The Court thus finds that there is no disputed issue of material fact as to Plaintiff Reebok's claim for trademark infringement.

### B. 15 U.S.C. § 1125 Unfair Competition

■ Section 43(a) of the Trademark Act of 1946 provides in relevant part that:

> Any person who shall affix, apply or annex, or use in connection with any goods or services ... a false designation of origin, or any false description or representation, including word or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce ... shall be liable to ... any person who believes that he is or

is likely to be damaged by the use of such false description of representation.

15 U.S.C. § 1125(a). Courts apply the same test of likelihood of confusion in determining violations of 15 U.S.C. § 1125(a)(1) as in determining whether there has been trademark infringement in contravention of 15 U.S.C. § 1114. *See Ross Bicycles, Inc. v. Cycles USA, Inc.,* 765 F.2d 1502 (11th Cir.1985), *cert. denied* 475 U.S. 1013, 106 S.Ct. 1190, 89 L.Ed.2d 306 (1986); *Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.,* 510 F.2d 1004, 1013 (5th Cir.), *cert. denied,* 423 U.S. 868, 96 S.Ct. 132, 46 L.Ed.2d 98 (1975).

■ Thus, if there is no issue of genuine fact as to trademark infringement, then there is none as to unfair competition. *See, e.g., John H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 981 (11th Cir.1983) ("The factors relevant to determining whether there is a likelihood of confusion between the trade dress of two products are "essentially the same" as those [factors] relevant to determining whether there is a likelihood of confusion between the parties'. trademarks.") (citation omitted). The Court's discussion of trademark infringement thus applies equally to the unfair competition cause of action.

In a document Plaintiffs have submitted, Defendant Kim writes:[3] "Certificate of origin which states "Made in USA" will be prepared here. The master box which contains boxes of shoes should not say anything like 'Made in Korea.' The shoe box and shoes must state 'Made in USA.'" Plaint. Exh. 12. In light of Defendant Kim's failure to present any evidence whatsoever in support of his statement that he acted as translator and that he had no knowledge of the existence or nature of the shoes, the Court finds that Defendant Kim has not raised a genuine issue of material fact as to the claim for unfair competition in violation of 15 U.S.C. § 1125.

---

**2.** In his response, Defendant Kim contends that Plaintiffs have not proven that Defendants consummated a transaction. However, a realized transaction is not a prerequisite for liability under the Lanham Act. Liability attaches if defendants use a counterfeit of plaintiffs' trademarks "in connection with the sale, offering for sale ... of any goods or services" where "such use is

likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a).

**3.** In his deposition, Defendant Kim states that he wrote said document (Plaintiff's GRE–6, Bates stamp 1230). Kim Dep. at 57–58.

### V. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff Reebok's Motion for Summary Judgment as to Defendants' Liability under 15 U.S.C. §§ 1114 and 1125 be, and the same is hereby, GRANTED. It is

FURTHER ORDERED and ADJUDGED that Plaintiff Fila's Motion for Summary Judgment as to Defendant's Liability under 15 U.S.C. § 1125 be, and the same is hereby, GRANTED. It is

FURTHER ORDERED and ADJUDGED that a separate hearing will be held to determine damages.

DONE and ORDERED.